CONSOLIDATED RUBBER TIRE CO. et al. v. DIAMOND RUBBER CO.

(Circuit Court of Appeals, Seventh Circuit.  May 29, 1913.)

No. 1916.

PATENTS (§ 312*)—SUIT FOR INFRINGEMENT—SUFFICIENCY OF EVIDENCE.

Evidence, taken in connection with admissions made in the answer, *held* sufficient to sustain the allegations of the bill that defendant corporation charged with infringement was still in business, and that it maintained or controlled an office and selling agency within the district of suit where infringing articles were sold.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 544–549; Dec. Dig. § 312.*]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois; Christian C. Kohlsaat, Judge.

Suit in equity by the Consolidated Rubber Tire Company and the Rubber Tire Wheel Company against the Diamond Rubber Company. Decree for defendant, and complainants appeal. Reversed.

Complainants-appellants on August 21, 1908, filed their bill of complaint in the usual form, charging defendant-appellee with infringement of patent No. 554675, issued to Arthur W. Grant, February 18, 1896, for improvements in rubber tire wheels. At the close of the prima facie case, and on the motion of the defendant-appellee, the trial judge entered an order dismissing the bill for want of equity. The propriety of that action is questioned by this appeal.

John W. Hill, of Chicago, Ill., for appellants.
Charles K. Offield, of Chicago, Ill., for appellee.

Before BAKER, Circuit Judge, and ANDERSON and CARPENTER, District Judges

CARPENTER, District Judge.  This case involves the Grant tire patent, over which there has been much litigation, resulting in conflicting decisions.  The validity of the patent was upheld finally by the Supreme Court of the United States on April 10, 1911.  See Consolidated Rubber Tire Co. v. Diamond Rubber Co., 220 U. S. 428, 31 Sup. Ct. 444, 55 L. Ed. 527.

The record does not disclose the grounds upon which the bill was dismissed.  The defendant-appellee, however, asserts, in support of the decree:

1: The defendant-appellee, Diamond Rubber Company, of West Virginia, had gone out of business, and sold its plant and assets to another corporation, three years prior to the filing of the bill.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. No showing was made that the Diamond Rubber Company of West Virginia ever had a place of business in the Northern district of Illinois, nor any agent conducting business in that district; and that no proof was made that the defendant-appellee ever committed any act of infringement of the patent in suit in the Northern district of Illinois.

3. No proof of infringement at any time or place that would confer jurisdiction on the trial court.

4. No proof of title in the complainants-appellants.

The bill alleges that the defendant-appellee, the Diamond Rubber Company, is a corporation duly organized and existing under the laws of the state of West Virginia, having a regular and established place of business at No. 1523 Michigan avenue, in the city of Chicago. The answer admits that the defendant-appellee "is a corporation organized and existing under the laws of the state of West Virginia," and that its principal office and place of business is at Akron, Ohio. This, in our opinion, disposes of the contention that the Diamond Rubber Company of West Virginia had gone out of business prior to the filing of the bill.

The situation as to the defendant-appellee maintaining a place of business in the city of Chicago is somewhat complex. A careful analysis of the record, however, discloses that there were at least five Diamond Rubber Companies: The Diamond Rubber Company, a West Virginia corporation; the Diamond Rubber Company of Illinois; the Diamond Rubber Company, an Ohio corporation; the Diamond Rubber Company of New York, a New York corporation; and the Diamond Rubber Company, a Canadian corporation.

The defendant-appellee may be called the senior Diamond Rubber Company. The Ohio corporation was organized November 7, 1905. Some time in 1908 or 1909 we find the Diamond Rubber Company of New York. When the Diamond Rubber Company, the Canadian corporation, and the Diamond Rubber Company, the Illinois corporation, came into existence, we are not informed, but may infer some time subsequent to the organization of the Diamond Rubber Company of West Virginia. Whether the Ohio corporation succeeded the West Virginia corporation, and whether the other Diamond Rubber Companies were merely selling agents of the parent company, none of the officers of the Ohio corporation or the West Virginia corporation or the New York corporation seem to know with any definiteness, save that the New York company was the selling agent of the Diamond Rubber Company. The same officers operated the defendant-appellee and the Ohio company, but none of them seem to know whether the West Virginia company went out of business, or whether the Ohio company, upon its organization on November 7, 1905, took over all of its assets and business.

In any event, the West Virginia company had and maintained a place of business in Chicago, at least until the Ohio company was formed; and the Ohio company until the New York company entered the field. The West Virginia company always had its plant at Akron, Ohio, and at the time of the filing of the bill the same plant was being

operated by some Diamond Rubber Company. What particular Diamond Rubber Company, the officers were not sure; they "supposed" by the Diamond Rubber Company of Ohio. The answer states:

"Defendant admits that it is a corporation organized and existing under the laws of the state of West Virginia, and states that its principal office, factory, and place of business is at Akron, in the state of Ohio."

We have therefore an office in Chicago originally operated by the West Virginia corporation, the defendant-appellee, which sometime or other, nobody knows quite when, was taken over by the Ohio corporation and subsequently turned over to the New York corporation. The lack of knowledge on the part of the officers of the corporation taken into consideration, with the admission in the answer, we think establishes the fact that the defendant-appellee did maintain an office in Chicago at the time the bill was filed.

Defendant-appellee was represented by astute counsel, learned and acute. We may presume, if not assume, conferences were had between counsel and the officers of his client. If the West Virginia corporation had actually ceased doing business prior to the filing of the bill in this case, and if it had no interest whatever in the Chicago office, it would have been a matter easy to prove by the witnesses called by complainants-appellants. The evidence as to the status of these various companies was drawn from the officers of the defendant-appellee, and they must have known or been advised that proof of the taking over by the Ohio corporation on November 7, 1905, of all the assets and business of the West Virginia corporation would have constituted a complete defense. None of these officers were willing to make such proof, nor were they willing to state what the real facts were. From the present record we believe and find that the various Diamond Rubber Companies were organized and operated under the same direction, and, considering the history of the Grant patent, it is not necessary to speculate as to the general purpose they were to serve. We are of the opinion that the several corporations were created and maintained in order to render more difficult litigation arising under that patent, and are not seriously impressed by what might be designated in this case as a "swivel-chair" defense.

Some Diamond Rubber Company operated a manufacturing company in Akron, Ohio, and some Diamond Rubber Company operated a selling agency in the city of Chicago, where acts of infringement of the Grant patent were committed. The Diamond Rubber Company of West Virginia seems to be the parent company, and nobody intimately connected with the business appears to know or is willing to state that it is not now in business and operating and controlling the enterprise.

The record shows clearly that the product sold by the Diamond Rubber Company in Chicago was an infringement on the Grant patent. We are also satisfied that the complainant-appellant has made out its title to the patent in question.

The trial court erred in dismissing the bill, and the cause must be reversed and remanded for further proceedings, not inconsistent with this opinion, and it is so ordered.